# IN THE COURT OF APPEALS OF TENNESSEE
## MIDDLE SECTION AT NASHVILLE

SHEILA PROFFITT,                          )
                                          )
    Plaintiff/Appellant,              )
                                          )        Davidson Circuit
                                          )        No. 95C-2416
VS.                                       )
                                          )        Appeal No.
                                          )        01-A-01-9604-CV-00144
PRISON HEALTH SERVICES, INC.,             )
                                          )
    Defendant/Appellee.               )

**FILED**

**July 31, 1996**

**Cecil W. Crowson**
**Appellate Court Clerk**

## CONCURRING OPINION

The majority has reached the correct result in this case. A party is not entitled to a summary judgment when the record contains material factual disputes with regard to the defense asserted in the motion. *Byrd v. Hall*, 847 S.W.2d 208, 211 (Tenn. 1993). This record contains material factual disputes concerning whether Prison Health Services, Inc. was responsible for the delay in providing Ms. Proffitt the surgery to remove the pins and screw from her left leg and whether the delay was unreasonable.

## I.

Ms. Proffitt was injured in an automobile accident prior to her incarceration in the Bradley County Justice Center in February 1994. Two months later a physician recommended the removal of the pins and screw used to repair a fracture of her left leg, but Ms. Proffitt was transferred to the Tennessee Prison for Women before the surgery could be performed. On May 27, 1994, Prison Health Services informed Dr. Donald Boatwright, the medical director of the Tennessee Prison for Women, that the surgery had been approved and requested that it be performed within three weeks unless Ms. Proffitt's symptoms became more severe or her condition changed.

The prison officials arranged an appointment for Ms. Proffitt with Dr. Patrick LeCorps. Dr. LeCorps insisted on taking x-rays of his own to determine whether surgery was warranted. According to Ms. Proffitt, Dr. LeCorps informed her on August 12, 1994 that he recommended the surgery to remove the pins and screw. Ms. Proffitt also asserted that Dr. Boatwright confirmed Dr. LeCorps' recommendation on August 19, 1994 and told her that the surgery would be scheduled. The surgery was never performed and Ms. Proffitt was released from prison in November 1994. She later underwent the needed surgery at Vanderbilt University Medical Center in January 1995.

## II.

Based on the present record, I cannot ascribe the delay in performing Ms. Proffitt's surgery from April to August 1994 to either Prison Health Services' negligence or its deliberate indifference to Ms. Proffitt's medical needs. This delay was caused by Ms. Proffitt's transfer from one institution to another and by Dr. LeCorps' decision to conduct his own examination of Ms. Proffitt rather than to rely on the conclusions and recommendations of another physician. Thus, at least in my mind, the material delay in this case is the delay from August to November 1994.

The chief explanation for this delay is that the prison officials were unaware that Dr. LeCorps had recommended the surgical removal of the pins and screw in Ms. Proffitt's left leg. Dr. Boatwright insisted in his deposition that he was never informed of Dr. LeCorps' recommendation. This testimony is contradicted both by Dr. LeCorps who stated that he informed the prison officials of his recommendations and by Ms. Proffitt herself who stated that Dr. Boatwright informed her on August 19, 1994 that her surgery would be scheduled.

The record contains a material factual dispute concerning the prison officials' knowledge in August 1994 of Dr. LeCorps' recommendations. In light of this dispute, we cannot hold as a matter of law that the delay in providing Ms. Proffitt the needed surgery was not the result of either negligence or deliberate

indifference to her medical condition. The record contains some indication that the delay might have been caused by the loss of Ms. Proffitt's medical records or by her pending request for parole. The loss of Ms. Proffitt's medical records, if proven, could provide the basis for her negligence claim; while a decision to delay performing the surgery because of Ms. Proffitt's pending parole, if proven, could substantiate her deliberate indifference claim.

Prison Health Services also asserts that the failure to perform Ms. Proffitt's surgery from August 1994 until her release in November 1994 was appropriate because the surgery was not a high priority procedure. It never explained the basis for its priority determination or, as the majority points out, what other higher priority procedures forced a delay in Ms. Proffitt's procedure. In light of its own determination on May 27, 1994 that the procedure should be performed within three weeks, the record contains a material factual dispute with regard to the basis for Prison Health Services' priority determination.

_____
WILLIAM C. KOCH, JR., JUDGE